324-0263 VB BTS II, LLC Appellant v. Bloomingdale Township, Eppley Ms. Chico, you may proceed. Good morning. I represent the Appellant, Vertical Bridge, in this matter. This is an appeal from the final judgment of the Circuit Court bashing Vertical Bridge's request for a writ of certiorari. The writ in this case sought to overturn the Township's administrative decision denying Vertical Bridge's application for an entrance permit. This permit was requested because it is needed to connect land that Vertical Bridge has leased from the property owner to the public roads so that Vertical Bridge can construct a cell tower on the property that it has leased. There is currently no access connecting the property to the roads. As a result, there is no way for Vertical Bridge to move vehicles and equipment that it needs for construction from the public roads onto the property. The Township's conduct has completely blocked this construction project and frustrated the purpose of the lease. The Township's administrative decision is wrong as a matter of law for three key reasons. First, fundamentally, an easement is just an easement. The Township simply has a limited right to use the easement for a road in the future if it chooses to do so, a right that it has never exercised and has no plans to exercise. Ms. Chico, may I ask you a question please? Do you acknowledge that the Township has a properly dedicated easement for a future road? Vertical Bridge does acknowledge that there is an easement interest held by the Township. Was that your position in the administrative proceedings? The position in the administrative proceedings always was that when we said that it had not been dedicated, that it had not been transferred in terms of a fee interest over to the Township. Thank you. All of the rights of the fee, aside from the easement, which is just one aspect of the property right, remains with the landowner MSVL, which would include the right to lease the land to Vertical Bridge and allow Vertical Bridge ingress and egress across that part of the property. And you acknowledge that there's been an acceptance? Well, the Township purported to accept the so-called dedication of the easement when they filed the official entry. They did that 68 years after the plot had been recorded and after they had already asserted to the voters that this was Township property. It was, in effect, an attempt to justify the position that they were already taking. But regardless, that official record does say it had been dedicated and accepted. That does not, again, mean that they now have all the rights of a fee owner. Here's my question, though. In your reply, just addressing the reply that you filed, you state it's uncontrovertibly true that the Township has absolutely no property interest in the easement. That appears to be a contradiction, does it not? When we say no property interest, they have no fee interest. The easement is simply one aspect. It's a use right where they have a right to use this area and construct a future road if they choose to do so. But the easement is not a fee simple argument was never raised in the administrative hearings, correct? The vertical bridges position has always been that MSVL is the fee owner in this case. And that the MSVL had the right to lease this property and allow vertical bridge to cross over this area. The other major second point, which goes to what Your Honor just asked, the Township has claimed in the vote before the voters and in the administrative record that this is corporate property. Again, confusing what an easement right is versus what a fee is. Third, even if the court accepts that the Township has converted this easement into a road, so that it's an accepted, dedicated road, which again is a fiction as it's still a grass area. Township has no plans to build a road there and it would end in a lake. But even if that's accepted, vertical bridge would still be entitled to an insurance permit. Just like they're entitled to an insurance permit for any other road. And they should be able to access that road like any other member of the public without paying a licensing fee and without seeking voter approval. This is no different than all the other lot owners in that subdivision, all of whom have driveways connecting to the public roads in that subdivision. So even if we accept that this is a road, then the access drive that Vertical Bridge is seeking would terminate at where their quote road now is. And this is highlighted by the fact that in the administrative decision, the Township acknowledged that Vertical Bridge had the right to connect to the public roads. They said in the alternative, one option is you have to go through this whole process of a license agreement and paying a fee and voter approval to cross the easement and then connect to Spring Valley Drive and Glendale Road. They said alternatively, we acknowledge you should be able to access the public roads, but you just have to go anywhere else on the property and then connect to Spring Valley Drive and Glendale Road. So they've acknowledged that we do actually have a right to get to the public road. The question is, can they block us from doing so by claiming that they have total control and dominion over this easement? And the lack of the legal justification for this position is demonstrated by the fact that the Township changed its position on this issue. When Vertical Bridge originally applied for the entrance permit back in 2020, it was issued in one day. And while that case was pending, there was a case pending by some unhappy neighbors who do not want the cell tower constructed. They sued MSVL. They challenged the validity of this lease. And Judge Wheaton dismissed that case with prejudice. She held that MSVL had the authority to enter into this lease with Vertical Bridge, which of course helps support that MSVL is in fact the fee owner with these rights. And while that case was pending, that initial entrance permit that had been granted expired because it was valid for one year. At that point, Vertical Bridge went to start reapplying. And the Township said, oh, wait, no, we can't allow you to get an entrance permit. You have to jump through all these other hoops. And it basically became a political issue. And the Township said, oh, actually, we have to put this to the voters. And then the voters rejected, in fact, entering into this license agreement or allowing this use. You're not saying, Counsel, that they didn't have to send it to the voters under the concept of corporate property under ILCS 130-50, are you? Our position is it is not corporate property. So, therefore, it was not subject. We should have been granted access like any other individual or entity that applies for an entrance permit without having to go through a license agreement, a payment to the Township, and approval by the voters. Our position is just it's not corporate property. It's an easement for a future road that has not been exercised. Also, given that this property is landlocked, right? Correct. Has there been any discussion in the case about an implied easement? In terms of a prescriptive easement to get to or an easement by necessity, I think, is the term. That was not one of the positions taken in the litigation because the lease provides from the landowner an ingress and egress right. So, it wasn't necessary to take that position from our perspective. We were given the rights by the landowner, and now it's just a matter of whether we're allowed to connect to the public roadways like everyone else. But it is undisputed in the record that there is currently this slot 171, it's a lake, shorelines, a little peninsula area with trees, and a grassy area. Completely undeveloped and there's no type of road on it at all. Or access drive. Can I ask you to go back to your argument that you were making about the alternative access? That they could go anywhere else other than on this property. Can you tell me or cite to me in the record where you ever raised that issue at the administrative hearing? This is not something we had raised because it was something that the township said for the first time in its administrative decision, which is one of the alternatives for you. Aside from having to go through the voter approval process, vertical bridge, is that you go a different route on lot 171, which would involve cutting down a number of trees and other issues to connect to the road. So, that's something that they put out there as an alternative as part of their administrative decision. We had never proposed that the proposal was always the access route that has been an issue that was in the site plan, which had been submitted back and starting back in 2020. I'll also note that part of the problem with this alternative that has been proposed by the township is. Vertical bridge already had a building permit from DuPage County, which involved a lot of expense, environmental studies and wetland studies and approvals from various governmental bodies. It was on the basis of those submittals that the county issued the building permit, allowing the construction in this manner in this location. Once the township refused to renew the entrance permit, the county revoked that building permit. They were a defendant in this case, and they were ultimately dismissed by a consent decree where they have agreed that if an entrance permit is issued, whether it's compelled by the court or some other manner, they will go ahead and issue the building permit based on these plans that have already been submitted. The plan has always been the same from when it was first submitted to when we went for the renewal. That's why those were the plans that were relied on to get the approval from the county in the first place, which was almost $800,000 in expenses to do all of that. In addition, going back to the point about even if we were to accept that this is now a dedicated road or whatever you want to call it, a road held in trust by the township, they have no authority to enter into a lease agreement. It would be open for use by the public. This has been held by the Supreme Court. One case would be American Telephone v. Village of Arlington Heights. A governmental entity can't rent or lease parts of a public street. We would just be entitled to access it like everyone else. One other claim that I have not addressed yet but is set out in the briefing and supported by what we had submitted to the township is equitable estoppel. The township had determined in its administrative decision that the action of the former township highway commissioner approving this initial permit was not an action of the township. They just had decided to reorganize that office. It doesn't mean that they weren't bound by that prior decision and that we didn't reasonably rely on that prior decision. The trial judge found there was no reasonable reliance to justify an equitable estoppel conclusion. What did you do to rely that makes the trial judge wrong? As I had mentioned, we engaged in all of the expenses of moving forward with the county building permit, the environmental studies, the engineering drawings, all of that to move forward with the actual construction process. Based on the notion that we had a permit that would have allowed us to just simply build this access drive to get to the construction site from the public road. Without that road, we cannot engage in the construction and so all of that time and money was lost in the process. Ms. Chico, that permit was issued before VB was incorporated as a business entity in June of 22, right? It was issued to an affiliated entity. One of the contractors had applied on behalf of another vertical bridge affiliated entity. So you're saying that they relied on something else that someone else relied on? I'm saying that it's still the same principles. It was the same plan, same drawings. It was just a different affiliated entities that had entered into the lease agreement and then ultimately did the second submittal. So, was all this expenditure of money and planning prior to seeing the highway commissioner and getting a 1-year permit? It started in earnest after the highway commissioner had issued that permit. It started in earnest. What does that mean? There had been some initial planning and drawings for the site plans, but a large part of the expenditure occurred after the entrance permit had been issued and during the pendency of the litigation. The initial litigation. I see your time is up. Are there any questions, further questions from the court? None, thank you. No, thank you. Thank you. You'll have time in reply. Thank you. Mr. Conway, you may respond. Thank you. May it please the court, counsel, Sean Conway on behalf of Bloomingdale Township. On appeal, the plaintiff advances two central arguments seeking reversal of the administrative decision. First, that plaintiff's proposed private drive and utilities routed over the township's dedicated easement for a future public road is consistent with the plat dedication. And the second central argument is that the township is precluded from denying plaintiff's request for a road access permit by virtue of a previous expired permit issued to another entity in Ray, Inc., and issued by the former township highway commissioner. Plaintiff's central arguments are unavailing and the administrative decision should be affirmed. I'll address plaintiff's arguments in turn. First, plaintiff's argument that the proposed use for the private drive and utilities routed over the township's dedicated easement is consistent with the plat dedication is highlighted by some of your honor's questions. This issue is forfeited on appeal. This issue was never raised before the township. This issue was not raised in plaintiff's complaint for administrative review, the first, second, or third. This issue was not raised in plaintiff's opening brief in support of its claim for administrative review. As the circuit court pointed out, this argument was raised for the first time in plaintiff's reply brief in support of its claim for administrative review. Plaintiff's position throughout this entire litigation, all the way up until the reply brief, was that the township had absolutely no property interest in the dedicated easement. The administrative record is replete with those representations by plaintiff's attorney, not only to the township, but also to the county, which records were made part of the administrative record. Plaintiff's position was not that the township just didn't have a fee simple interest. It was that the township had no dedicated easement interests. Property can be dedicated, easements can be dedicated to public entities, and so can property and fee simple. Case law is very clear about that. And when property is dedicated to municipalities or any other public entities, it's held in public trust by the public entity that has jurisdiction over the property. Mr. Conway, Mr. Conway, please. Is it your position that an easement for a future road is property or a property right? Or is there no meaningful distinction between them? Judge, there's no meaningful distinction. It's a property interest. It's a dedicated property interest that the municipality holds in public trust. And it's up to the municipality or the local public entity to determine how and when to utilize that interest. And that's the Tompkins case we cite in the brief. It's not a fee interest, is it, Mr. Conway? It is not, Judge. It's not. And the township has never claimed that it's a fee interest. It is an easement interest, and it's an interest held in trust for the public for a future public road. Okay. And the plat itself is the length and breadth of that easement articulated? Yeah, the width is, Judge, it's a 66-foot wide easement, which is consistent with all the other roads that were dedicated in the subdivision. So it's clearly a dedication for road purposes. Okay. And what about the length? The length, Judge, I don't believe. I believe there's sort of an open-ended depiction of the easement. But yes, the width is. So a dedicated easement is not as specific as an easement granted by a homeowner or a property owner who has fee interest in the entire property? Wouldn't an easement have to be rather specific? In grants of easement, it usually is. But now you're talking about a different situation? Or what's the difference? Judge, it's our view that the easement is sufficiently specific. I will say your question, which is a very good question, is not a particular issue that was raised either before the administrative agency or in the circuit court. But I do understand your question. I think it's interesting in our responses. What's the width of this property that there is an easement? Apparently, at least we know the width of it through the plat. Correct. And there's no dispute. We don't know the length of it. Right. There is no dispute that the plaintiff is proposing to route its private drive and utilities over the area that is specifically designated in the plat. Okay. Thank you. So that is undisputed. But again, could they change that? Could they change the route of their road? Oh, absolutely. That's one of the points that is made in the administrative decision, Your Honor, that plaintiff could route its private drive still over the leased property and connect up to the public road over the leased portion of the property and avoid the easement area. So in that sense, the property isn't landlocked in the traditional sense because there's another avenue to connect to the public road. Right. So this landlock is a misnomer. Correct, Your Honor. Right. And I'll just also mention that that particular issue was not raised in front of the township. It was raised in plaintiff's complaint associated with a different claim that was ultimately dismissed. But it was never raised through the course of the administrative proceeding or in the briefing on plaintiff's administrative review claim. Mr. Conway, the township's decision apparently rests on two points primarily. The easement is corporate property under the township code and public property under the Illinois Constitution. How can a township's non-possessory interest in private property constitute public property? Well, Judge, the dedication is to the township for a future road. And when dedications are made, the local public entity or the municipality is to hold that property in trust for public use. Now, this particular piece has not been used for a public road yet. The township has never said otherwise, but it's still to hold that property in public trust. And so the administrative decision is completely consistent with Illinois law in that regard. What do you mean by in public trust? That's an interesting concept, Mr. Conway. Well, the township acts as a fiduciary in a sense. And it can't simply permit a private individual or a company to install facilities or structures or anything of that nature that would be inconsistent with the dedication. And here is the position of the township that what plaintiff is proposing to do is inconsistent with the dedication as is expressed on the plat. The dedication is for a future public road was being proposed or private utilities and a private access drive over this easement. So that's what we mean by holding it in trust for the public that just ensuring that there isn't something done that is inconsistent with the scope of the easement. So for those reasons, your honors, the plaintiff's central argument is procedurally forfeited. I just kind of talked a little bit about the merits of plaintiff's claim, even if this court were to reach those, that the plaintiff's proposed use is inconsistent with the language of the plan. So I'll move on to plaintiff's second central argument, the estoppel argument. As we know, the Illinois Supreme Court in the Corbin case has recently expressed that estoppel against local public entities is highly disfavored. It can happen and it happens typically only in extraordinary or compelling circumstances where there's been something like a fraud or some sort of substantial injustice. Obviously, there were some questions about reasonable reliance that is a component of equitable estoppel. I will note that there is nothing in the administrative record where plaintiff established it either reasonably relied on any action of the township or that it had incurred some sort of significant expense, as counsel was arguing today. None of that is in the administrative record. There's some allegations in the claim for administrative review to that regard, but there isn't anything in the administrative record to establish that. And that's ultimately the burden of the plaintiff. It is not the burden of the township to disprove that. It is always the burden of the plaintiff to establish that in the administrative record. So reasonable reliance hasn't been established. There's no evidence in the administrative record to do that. Notwithstanding, there really is no compelling circumstances here. There's been no construction on the property. This isn't a situation where, you know, in reliance on a permit issued in error, the plaintiff has constructed the tower and now the township has come back and said, you know, whoops, we made a mistake. You need to take the tower down. It's not authorized under law or anything of that nature. Plaintiff hasn't started construction. It's vacant and it's been vacant this entire time. So there really isn't any sort of arm or compelling circumstance that would warrant a stop, particularly under the facts and evidence set forth in the administrative record. Mr. Conway, is the township's easement public property such that it may not be used for a purely private purpose? Judge, the easement, whatever use is going to be proposed on the easement must be consistent with the scope of the easement. So I'm just thinking of a hypothetical here. You know, if there was a, you know, public road being proposed that plaintiff is going to construct and the township is good with that. Again, it's within the purview of the township to decide that, not the plaintiff. I think that could be consistent. It could be something that the public could use. And I think it would be a different scenario. The problem here, Judge, is that what's being proposed is not that. What's being proposed is a private access drive with utilities. And that is not consistent with the scope of the easement. I'll just touch on just some of the. Mr. Conway, is that just a simple matter that it's a private access drive and therefore private? It could restrict the access of the public. Yeah, I mean, what would be proposed isn't anything public. It's a private access drive. And there's no proposal in the administrative record that says something to the effect of, oh, we're going to we would like to install a public road, 66 foot wide where the public can use it. We can use it. Anybody can use it. That's not the proposal. And so. Just so that I'm clear, there is a specific width. But on the specific length, it starts at the road and ends at the banks of the lake. Correct. My understanding, Judge, is that the private drive connects with the road, the public road, and then it connects to where the tower site is proposed to be located. So it's almost like I want to say almost like an L shape or reverse L shape. Okay, so I just want to touch on just a few other items that plaintiff mentioned in their brief didn't talk about too much today in oral argument. You know, one of one of the aspects of the decision that plaintiff takes issue with is this notion that the township had told plaintiff. If you are looking to use this property, we can't authorize that only the electors can authorize that. Just to let the court know the township proposed this as as a proposed solution to the problem, which is, we can't as a general rule, we can't authorize your private use of this public property. That's not currently being used. But there is a provision in the township code that states for unused public township property. The electors can authorize use of that. So the township was just proposing that as an alternative. If plaintiff doesn't believe the statute allows that sort of action, that only leads back to the general rule, which is this property can't be used for purely private purposes. And in particular, plaintiff's proposed private drive with the utilities. I do see my red light is on. I request your honors that this honorable court uphold the administrative decision in its entirety. It's completely supported by the administrative record and the law. Conversely, plaintiff's challenges are not supported by the administrative record at all. And I request that the court affirm the decision. Thank you. Any questions from court? No, thank you. Miss Chico, you may reply. Thank you, your honors going to the administrative record and the issue of whether arguments were ever raised or forfeited. I just wanted to point the court to some sections of the record. And this is from the affidavit of Paul Peterson, who is a title expert that was retained by vertical bridge. And this declaration or affidavit was submitted and considered and specifically referenced as part of the administrative record. In paragraph five of that affidavit, he acknowledges that on the northern shore of the lake, there is a reservation of a 66 foot easement for future road. In paragraph seven, though, he he delineates the vertical bridges position that that easement is different than a fee interest and that the rights are different. The designation easement for future road indicates that there was not a current offer by the owner and an acceptance of title to that 66 foot strip. He goes on to say an easement is not a great a grant, a fee, simple title to a party. Then in paragraph eight, going to the usage issue and consistency with what the township may at some point unknown in the future do, which again, the only right it would have would be to build a road. It is unlikely that the county or the township will utilize the 66 foot easement for a paved road. There clearly is no reason to extend spring valley drive along the easement as it would dead end. And a triangular piece of land laying west of the subdivision that does not have any other vehicular access. Paragraph nine, a gravel road put in the 66 foot easement would not hinder pedestrian access. The owner of a subservient estate may use the land burdened by the easement for other purposes as long as it does not hinder the original easement. In my opinion, the owner of lot 171, who is the owner of the underlying subservient estate of the 66 foot easement may use the land for a gravel road as long as it does not prohibit pedestrian access. So, there are. These arguments were addressed in the record. There was evidence put in and opinions from a title expert on these issues. So, the notion that this came out of the blue as an argument made during the litigation is just simply not the case. In addition, talking about pedestrian access. Or are they that affidavit. The purpose was. The focus, since nothing had actually been built, there's no road and it doesn't make sense to put a road for vehicular traffic there because. The end point goes to the lake, he was considering that the most likely possible use of a road by the township would be to put in a pedestrian access route over there. That's his opinion, right? That is, in fact, his opinion as the title expert, but the point being that these, these arguments were made and cited legal authority as well in this, in this affidavit. To the township, and it's included in the administrative record. In addition, your position in the administrative. Proceeding was that the township had nothing right? No. No property interest, whether in fee or easement. They have an easement we disputed that it was a dedicated easement as the township was using that term and meaning that that would be a fee right as as a dedication. Whereas our position was, it's a limited future easement. That has not been exercised and won't be exercised. Okay, thank you. Thank your honors and for those reasons, we would ask that the circuit court's judgment be reversed. And that the remand that be issued, allowing. Vertical bridge to obtain an access permit and proceed with construction on the site. Thank you. Any questions? No, thank you. Well, thank you counsel both for your arguments in this matter. This morning, it will be taken under advisement written disposition shall issue at this time, the clerk.